## A. O. ROBARDS v. GEORGE ALLEN, ET AL.

**Malice Upon Plea of Justification in Libel.**

Malice, upon a plea of justification filed as an answer is not required to be proven. Such an issue places upon the defense the burden of showing the truth of the charge made, and if he fails a recovery must be had against him.

APPEAL FROM MERCER CIRCUIT COURT.

January 30, 1879.

Opinion by Judge Pryor:

It is evident that the parties below treated the answer as a plea of justification, and if not, the charge stood undenied with the allegation in the answer that the female appellee made the statement constituting the libel, and knew when she made it that it was false. The court, under the pleadings, instructed the jury that if the goods were obtained under false representations and with the intent to defraud, they must find for the defendant. Counsel for the defendant was permitted to conclude the argument of the case, against the objections of the plaintiff; and after taking the chances upon the issue presented by a defective answer, the appellant cannot now be permitted to avail himself of the error against the plaintiff for the purpose of obtaining a reversal. The appellant attempted to make good the charge, and must abide the result. The petition, it is true, alleges that the defendants were partners; still that pleading seeks to make them individually liable. The two defendants, it is alleged, caused the libel to be published, and its publication is established by the proof that the appellant caused it to be written by Cardwell, and at his (the appellant's) special instance the words, "as they were gotten under false pretenses," were inserted. The letter cannot be regarded as having been written in the discharge of a legal, moral or social duty, but was written to this appellee for the purpose of notifying her that if the money was not paid she would be prosecuted for obtaining goods under false pretenses. No confidential relation existed between the parties, and the only legal or social duty resting upon the appellant was to have the appellee arrested and tried if she had been guilty of such a high offense. Malice upon a plea of justification filed is not required to be proven. Such an issue places upon the defense the burden of showing the truth of the charge made, and if he fails a recovery must be had.

If this is not a plea of justification it admits all the allegations of the petition, and no proof was necessary, the jury having to inquire only as to the amount of damages. Nor can we regard the answer in mitigation of damages, as it expressly alleges that this appellee had no authority to buy the goods and have them charged to Morgan, and that she knew she had no such authority when she made the purchase. While the averment that the goods were obtained and the representations made with the intent to defraud the appellant is not to be found in the answer, still it is an attempt to justify with no mitigating feature in it, and the appellant having

had the benefit of his plea has now no right to complain. The instructions given by the court presented to the jury the whole law of the case, and the judgment must be affirmed.

A rehearing having been granted in this case, the former opinion is again adopted and the judgment is now *affirmed.*

*Thompsons & Hardins,* for appellant.

*P. B. Thompson, Jr., Kyle & Poston, T. C. Bell,* for appellees.